**STEPHEN'S JEWELRY, INC., Appellee,**

v.

**ADMIRAL INSURANCE COMPANY, Appellant.**

[Cite as *Stephen's Jewelry, Inc. v. Admiral Ins. Co.* (1989), 63 Ohio App.3d 213.]

Court of Appeals of Ohio,
Trumbull County.

No. 3871.

Decided June 12, 1989.

*Martin White,* for appellee.

*Nicholas Satullo* and *Matthew O'Connell,* for appellant.

---

PETER C. ECONOMUS, Judge.

In April 1984, appellee, Stephen's Jewelry, Inc., was burglarized. A proof of loss was submitted to appellant, Admiral Insurance Company, but it denied coverage claiming that appellee breached a condition of the insurance contract by failing to maintain an inventory from which the exact amount of loss could be accurately determined. Apparently, there were items of jewelry that were included in the proof of loss that did not belong to the appellee but were personal items of Stephen Landsperger, the sole stockholder in the corporation. Nevertheless, none of the personal articles had been listed in the corporate inventory. For the purposes of constructing the proof of loss, Landsperger had to rely on his memory. He kept no records but only notations in a little black book that had also been taken in the burglary.

The jury returned a verdict in favor of plaintiff for $199,086.50. Subsequent to the verdict, the trial court awarded prejudgment interest from October 20, 1984, the date the court determined that appellee's loss was due under the contract.

Appellant sets forth three assignments of error:

"1. The trial court erred in awarding prejudgment interest as the burglary losses were matters to be properly proved at trial and precluded the amount due on the contract from being a liquidated sum. As a consequence, prejudgment interest could not properly have been awarded.

"2. The judgment of the trial court was against the manifest weight of the evidence in that it was uncontroverted that Stephen's Jewelry, Inc. was the named insured on the policy of insurance, but that the items for which recovery was sought were owned by Stephen Landsberger [*sic*], the individual.

"3. The closing argument of Attorney Hill constituted attorney misconduct and was so flagrantly in violation of propriety that it became the duty of the trial court to stop it without any objection of counsel. The trial court erred in failing to limit the argument of Attorney Hill."

R.C. 1343.03 provides in pertinent part as follows:

"(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon

all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum * * *."

" * * * Where money becomes due on a contract, interest accrues from the time the money should have been paid. *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58 [22 O.O.3d 47, 426 N.E.2d 526]. However, where the amount due is unliquidated, the interest runs from the date of the judgment. *Id.*" *Lewis v. Seiler* (Mar. 30, 1984), Trumbull App. No. 3300, unreported, 1984 WL 6304.

"Prejudgment interest will not be denied, although the sum due is unliquidated, where the amount is capable of ascertainment by mere computation, or is subject to reasonably certain calculations * * *." *Shaker Savings Assn. v. Greenwood Village, Inc.* (1982), 7 Ohio App.3d 141, 7 OBR 184, 454 N.E.2d 984, paragraph two of the syllabus.

█ It appears from the facts in the record that appellee's loss was subject to reasonably certain calculations. An inventory and appraisal were provided to appellant prior to the issuance of the policy. Further, the proof of loss submitted by appellee included only those items contained in the inventory and appraisal that were in stock at the time of the burglary. Also, the record is devoid of any evidence to refute the amount of the loss. Thus, we find the trial court did not abuse its discretion in awarding prejudgment interest. Appellant's first assignment of error is without merit.

█ In its second assignment of error, appellant argues that the trial court's judgment was against the manifest weight of the evidence. Appellant asserts that while the named insured was Stephen's Jewelry, Inc., some of the items of jewelry for which recovery was sought belonged to Landsperger personally.

It is within the province of the trier of fact to judge the credibility of witnesses and determine the facts of the case.

In *Love v. Lewis* (1985), 21 Ohio App.3d 285, 287, 21 OBR 404, 406, 488 N.E.2d 238, 239–240, the court held:

"We recognize that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact, *State v. DeHass* (1967), 10 Ohio St.2d 230 [39 O.O.2d 366, 227 N.E.2d 212], paragraph one of the syllabus, and that as long as the trial court's judgment is supported by some competent, credible evidence the decision will not be reversed by a reviewing court as being against the manifest weight of the evidence, *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578], syllabus. * * *"

A review of the record in the case *sub judice* indicates that there was sufficient evidence to support the jury's finding. The testimony of appellant's agent clearly established that appellant had accepted the items of jewelry in question as inventory belonging to appellee and, further, that the insurance policy covered these items. Accordingly, this assignment of error is overruled.

In its third assignment of error, appellant argues that the closing argument of appellee's counsel was so improper that it was the trial court's duty to intervene and issue a cautionary instruction even though no objection was made by appellant's counsel.

With respect to allegations of error in closing arguments of counsel, it has been stated:

"Except where counsel, in his opening statement and closing argument to the jury, grossly and persistently abuses his privilege, the trial court *is not required to intervene sua sponte* to admonish counsel and take curative action to nullify the prejudicial effect of counsel's conduct. Ordinarily, in order to support a reversal of a judgment on the ground of misconduct of counsel in his opening statement and closing argument to the jury, it is necessary that a proper and timely objection be made to the claimed improper remarks so that the court may take proper action thereon." *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 44 O.O.2d 18, 238 N.E.2d 563, paragraph one of the syllabus.

In the instant case, the record discloses that in the rebuttal portion of closing argument, counsel for appellee began by rebuking appellant's counsel:

"ATTORNEY HILL: * * * You've heard innuendos, inferences, assumptions, half truths. You've heard lies. I'll say it! I'm not going to be polite like Mr. White. You've heard lies! They're [*sic*] idea of telling the truth is not getting caught in a lie. That's their idea of the truth."

Further in the argument, he said:

" * * * And just because some highfalutin, big city lawyer from Cleveland comes down here and tries to tell you different, don't buy it! It's uncontradicted. Groves knew it. Admiral knew it. You can forget the lie-on-the-policy defense. It's gone! It just got flushed down the toilet.

" * * *

"Then they really thrown an insult at us. They got to think we're country bumpkins down here. * * * "

He continued his remarks with this prevaricating theme, detouring from the evidence throughout the argument as follows:

" * * * That's why I get so upset when I hear someone lying.    * * * "

Referring to the testimony of Ron Wertz, the appellant's broker, he said:

" * * * Wertz can make records disappear, Wertz can make photographs disappear.  Wertz made a big mistake.  He didn't make this disappear, did he?

" * * * Ron Wertz should be indicted for perjury, and this is the written proof.  He, along with the rest of them, is a liar.

" * * *

"Now, I think Ron Wertz' butt got it right here with this telephone bill.  You know he's a liar.  I know it.  Well, as he lied on the inventory question, * * * ."

Later in the argument, counsel attempted to impugn the testimony of a witness by drawing inferences that went beyond the evidence.

" * * * I want to talk about the real tape that I feel, based on the evidence, you can infer exists.  The real tape is, as follows: Were there entries?  Um-hum.  Yeah.   * * *

" * * * The tapes that are readily available weren't ready.  You want to know why?  Doctor Armstrong hadn't performed surgery.  That's why the tapes weren't readily available.  His patient hadn't gotten out of recovery yet.  Nope!  Armstrong discovered the police had called.  Armstrong to the rescue.  'What am I going to do?  Oh, my God!  Well, I'm going to switch Wooster account with Stephen's account.  That'll help.  I'm going to alter the dates and then say the printer was off.  That'll help.  Oh, man!  That might not still solve the problem.  What am I going to do now?  Oh, man!'  He got his scissors out and performed a tapectomy, that's what he did.  He started grinding big pieces of tapes out.   * * * "

Further straying from the evidence, counsel articulated his disgust for appellant, which this court can only resolve as calculated to arouse prejudice, by saying:

"Those people right behind me think that we've all had a lobotomy.  " * * *

"Ladies and Gentlemen, if not paying an insurance claim were a crime, they could be arrested, charged and indicted, prosecuted and convicted.   * * * "

It not being exasperating enough, counsel concludes with the following odious remarks:

" * * * Augie Landsperger believes in the system.  The defendant wants to prostitute it.  He needs a whore.  Don't be that whore for the defendant. * * * "

In *Jones v. Macedonia–Northfield Banking Co.* (1937), 132 Ohio St. 341, 8 O.O. 108, 7 N.E.2d 544, the court held in the third paragraph of the syllabus;

"Argument to the jury, in which counsel charges opposing parties with framing or fixing up their defense by perjury arranged for or suborned, is improper unless there is evidence warranting the course pursued; and where counsel grossly abuses his privilege by persisting in making such unfounded charges to the manifest prejudice of opposing parties, it is the duty of the court to interfere, admonish offending counsel and instruct the jury to disregard the improper utterances, and a failure to do so is ground for a new trial."

Upon a review of the entire record in this case, we find that the standard of gross and persistent abuse of privileges has been met. The cumulative effect of plaintiff's counsel's statements constituted prejudicial comment and the trial court should have, *sua sponte*, intervened to take curative action to nullify the prejudicial effect of the comments. Having failed to do so, we hold that appellant's third assignment of error is with merit.

Accordingly, the judgment is reversed and this cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., concurs.

COX, J., concurs in part and dissents in part.

COX, J., of the Seventh Appellate District, and PETER C. ECONOMUS, J., of the Mahoning County Court of Common Pleas, sitting by assignment.

COX, Judge, concurring in part and dissenting in part.

I must respectfully concur in part and dissent in part with the opinion of the majority.

I concur with its decision in assignments of error 1 and 2 and dissent with its opinion as to assignment of error 3.

The majority, in its review of this assignment, sets out from the transcript of testimony the objectionable statements made by attorney Hill and then cites in support *Jones v. Macedonia–Northfield Banking Co.* (1937), 132 Ohio St. 341, 8 O.O. 108, 7 N.E.2d 544, as authority. The court, in the *Jones* case, said at 352, 8 O.O. at 113, 7 N.E.2d at 549:

"The damages were excessive and appear to have been given under the influence of passion and prejudice engendered by misconduct of counsel."

In the instant case, I do not feel that we can say that the verdict was excessive, nor can we say that it appears to have been given under the influence of passion or prejudice. The statements made by attorney Hill, while improper, I feel, fall within the guidelines laid down by the Ohio Supreme Court in *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 44 O.O.2d 18, 238 N.E.2d 563, which require timely objection by opposing counsel.

Therefore, I would affirm the trial court.