**Kern**
**v.**
**Kern**
*[Cite as 5 AOA 209]*

*Case No. 14493*
*Summit County, (9th)*
*Decided July 18, 1990*

*Joan B. Sebelin, Attorney at Law, 75 Public Square, Suite 400, Cleveland, OH 44114, for Plaintiff.*

*John v. Heutsche, Attorney at Law, 602 Park Bldg., 140 Public Square, Cleveland, OH 44114, for Defendant.*

REECE, P.J.

Frances T. Kern appeals the judgment of the Summit County Domestic Relations Court denying her claim for judgment for interest accrued on an alimony arrearage.

Karle O. Kern, Jr. and Frances T. Kern were divorced in 1979. By terms of the decree, Karle was ordered to pay alimony of fifty dollars per week for a period of two hundred sixty weeks. Karle made eleven payments, the last on November 21, 1979. On October 29, 1980, the trial court ordered Karle to appear before the court to show cause why he should not be held in contempt for failure to comply with the court's order of alimony. On November 21, 1980, Karle moved the court to terminate alimony and hold all arrearage in abeyance. By order dated April 10, 1981, the court found Karle in contempt, and held imposition of sentence in abeyance provided that he pay the $2,800 balance of the arrearage and continue to pay the weekly alimony. Karle never complied with this order.

On June 4, 1987, Frances moved the court to hold Karle in contempt for failure to comply with the alimony requirement of the divorce decree and failure to comply with the April 10, 1981 contempt order. Frances moved in the alternative for a lump sum judgment against Karle. Service of the motions on Karle went unclaimed. By order dated August 17, 1988, the court dismissed the motion on the miscellaneous docket for failure to prosecute.

On September 27, 1989, Karle paid $12,450 into the Summit County Support Enforcement Agency, representing the alimony arrearage. On November 7, 1989, Frances moved the court for judgment against Karle under R.C. 1343.03 for the interest accrued on monies owed to Frances under the court's prior orders, and requested service upon Karle. Frances also sought reasonable attorney fees and expenses. Karle accepted service on November 9, 1989, and his counsel entered an appearance on his behalf.

Frances' motion was heard by the court's referee on January 26, 1990. The referee determined that, under R.C. 1343.03, a court may grant interest on monies due, and that:

"Under the fact circumstances here the Referee does not find it proper nor fair, as [Frances] could have asserted her right to judgment at any time during these ensuing years while negotiation was going on between the parties and or [sic] counsel. In any event the Referee does not find it equitable to grant a judgment for interest that is almost equal to the total alimony owed.*** ."

The referee found Karle $244.12 in arrears, the amount of poundage deducted from his payment by the support agency, and granted Frances $300 in attorney fees, for a total judgment of $544.12.

Frances filed an objection to the referee's report. The court overruled her objections and, on April 4, 1990, granted judgment to Frances of $544.12. Frances appeals, asserting a single assignment of error.

### ASSIGNMENT OF ERROR

"The trial court erred in denying appellant's motion for lump sum judgment for the interest accrued on the appellee's obligation to pay alimony."

Frances argues that R.C. 1343.03 entitles a party for whom judgment is rendered to interest on the unpaid judgment, and that the court erred by failing to award interest on the alimony arrearage of $12,450. Karle counters that the trial court is vested with the discretion to grant or deny interest on a support arrearage.

In *Allen v. Allen* (May 16, 1990), Summit App. No. 14293, unreported, this court was presented with an analogous situation, wherein a support obligor was in substantial arrears. The obligee requested lump-sum payment of the arrearage, and interest on the amount in arrears, based upon the due date of each delinquent payment. The trial court granted a lump-sum judgment for the arrearage, but denied the interest request. This court determined that "a right to interest on unpaid installments of alimony accrues on the date each installment matures or becomes due, and runs until paid[,]" absent factors making it inequitable. *Allen, supra,* at 5. Citing *Smith v. Smith* (App. 1960), 14 0.0. 2d 394, 395, this court held that interest under R.C. 1343.03 is chargeable "on delinquent support payments as they become due *** ." The court cited *Miller v. Miller* (La. 1975), 321 So. 2d 318, 321, for the proposition that where the due date of each future installment is fixed in the original judgment, interest is properly awarded on each installment from its due date until paid.

Thus, under *Allen,* Frances is entitled to interest on the support arrearage absent factors making such award inequitable. In the instant cause, the referee determined that to award interest would be unfair to Karle because of Frances' failure to earlier press the issue, and that it would be inequitable to grant a judgment for interest nearly equal to the support arrearage. In *Zaperach v. Beaver* (1982), 6 Ohio App. 3d 17, at 19, the Franklin County Court of Appeals rejected a similar equity argument, stating that the fact that an obligor has failed to fulfill his obligations "for nine years does not confer upon him a right to continue to fail *** ." There, as here, "there is no change of position on the part of the [obligor] to his own detriment as a result of the inaction of [the obligee]. Rather, [the obligor] has benefitted from the delay by not being required to pay support over a number of years." Id. Moreover, the referee's conclusion that an award of interest equal to the support arrearage would itself be inequitable ignores the simple arithmetic of interest computation. Accordingly, Frances' arguments are well taken.

Although Frances does not specifically assign error to the court's determination of a reasonable attorney fee, she argues the issue in her brief to this court. In *Blum v. Blum* (1967), 9 Ohio St. 2d 92, at 94, the Supreme Court determined that a trial court is vested with discretion to order an award of attorney fees to a party in a domestic relations action where the same are incurred in post-decree proceedings relative to support matters. In *Rand v. Rand* (1985), 18 Ohio St. 3d 356, at 359, the court restated its position that such an award is within the sound discretion of the trial court.

Reviewing the record before us, we do not find that the court abused its discretion in awarding to Frances attorney fees of $300, as the court below specifically determined that amount to be

reasonable in light of the facts developed in the case. Accordingly, this argument is without merit.

Based upon the foregoing, the judgment of the trial court is reversed in part, and this cause remanded for determination of interest due on the former alimony arrearage pursuant to R.C. 1343.03, in accordance with this decision and law. The judgment is in all other aspects affirmed.

The court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed in part,*
*and cause remanded.*

BAIRD, J., and CIRIGLIANO, J., concur.