**STRACKER, n.k.a. Molnar, Appellant,**

**v.**

**STRACKER, Appellee.**

[Cite as *Stracker v. Stracker* (1994), 94 Ohio App.3d 261.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005681.

Decided April 13, 1994.

*Edward S. Molnar,* for appellant.

*John C. Stracker, pro se.*

REECE, Presiding Judge.

The plaintiff-appellant, Mary J. Stracker, n.k.a. Mary Molnar, appeals from the trial court's calculation of past due medical expenses for which the defendant-appellee, John C. Stracker ("Stracker"), is responsible under a separation agreement. We reverse.

On July 1, 1992, the appellant filed a motion for contempt against Stracker, seeking to recover from him $11,192.88, a sum representing medical expense arrearages for their three children, plus interest on the unpaid expenses. After a hearing, the referee entered findings of fact and a recommendation that Stracker reimburse the appellant $2,350 for her out-of-pocket medical expenses. The trial court adopted the referee's report on August 18, 1992, and overruled the appellant's objections on August 5, 1993.

The appellant and Stracker dissolved their marriage on November 11, 1976. The appellant was given custody of their three children. A separation agreement incorporated into their decree of dissolution provided in part:

"[John Stracker] shall further be responsible for all extraordinary medical, dental, hospital and surgical care for [his three] children. It is herein agreed between the parties that extraordinary shall be construed to mean an expense in excess of FIFTEEN DOLLARS ($15.00) for each occurrence. In such event [Mary Stracker] shall pay and be responsible for the $15.00 and [John Stracker] shall be responsible for the remainder of such expense." (Emphasis *sic*.)

In March 1983, the appellant married Edward S. Molnar ("Molnar"). From 1983 until 1992, the year Stracker's youngest child was emancipated, Molnar paid for a family health insurance policy that provided coverage for himself, the appellant, and Stracker's three children. The premium for this family coverage was initially $375 per month, which steadily increased over the years to $1,000 per month. In addition, the appellant paid out-of-pocket costs for the medical expenses not covered by the family insurance policy. During this period, Stracker did not pay for any of the children's medical expenses.

On October 24, 1986, Molnar sent Stracker a letter containing copies of five medical bills, incurred beginning in 1983, for Stracker's daughter, Debbie. These bills totaled $3,393.40. Stracker telephoned Molnar and was told that the portion of the bills that had not been paid by Molnar's insurance was $800. Molnar, however, demanded reimbursement for the total billed expenses of $3,393.40, not just the $800 of out-of-pocket expenses. Molnar sent Stracker five more letters over the next five years containing more copies of medical bills incurred on behalf of Stracker's children. The combined total of the medical bills contained in the six letters was $7,606.68. Molnar testified that the majority of these bills was paid by his insurance. Molnar further testified that he "was asking for dollar to dollar reimbursement" of the medical expenses in his letters, including the portion paid by his insurance.

The referee found that Molnar was "not a party to this action [and] acted voluntarily" in providing health insurance coverage for Stracker's children. The referee further found that calculations could not be made as to the amount of Molnar's health insurance premiums that were allocated for the protection of Stracker's children. The referee recommended the appellant be awarded $2,350, plus interest from the date the judgment was entered, as reimbursement for her out-of-pocket medical expenses. The trial court adopted the referee's recommendation and the appellant appeals, asserting two assignments of error.

■ In her first assignment of error, the appellant argues that the trial court erred in limiting the judgment to her out-of-pocket medical expenses instead of holding Stracker responsible under the separation agreement for the aggregate total of the medical bills incurred by the children. We agree.

In *Achatz v. Achatz* (Apr. 28, 1988), Franklin App. No. 87AP–1135, unreported, 1988 WL 41062, the Tenth District Court of Appeals dealt with facts almost identical to the facts in the present case. The father in *Achatz* was required under the divorce decree to pay for "all medical and dental bills incurred on behalf of the minor children of the parties." As here, the father failed to pay for any of the children's medical expenses, prompting the plaintiff-mother to acquire health insurance for the children and incur uninsured out-of-pocket medical costs. The referee in *Achatz* limited the plaintiff's recovery to her out-of-pocket expenses ($3,952.67), finding that an award of the aggregate amount of the medical bills ($7,700) would unjustly enrich her. The Tenth District reversed, concluding:

"We agree with Jacqueline that the judgment appealed from provided James with an unjust windfall and reject the trial court's rationale that the insurance company, and not Jacqueline, incurred the expenses. James' responsibility under the decree was explicit in that James was ordered to "pay *all* medical and dental bills incurred on behalf of the minor children of the parties * * *." (Emphasis added.) As such, Jacqueline was entitled to recover from James the amount of the bills incurred, with interest from the dates these expenditures were made. * * *

"While it is possible that James may yet enjoy some windfall after the trial court acts in accordance with this decision, since the record indicates that Jacqueline also paid premiums in the amount of $14,080.20, any such windfall will be consistent with Jacqueline's recovering what James was obligated to pay by the divorce decree." *Id.*

We concur with the Tenth District's reasoning. In the present case, for each medical occurrence, Stracker was explicitly responsible under the separation agreement for all medical, dental, hospital and surgical expenses that exceeded fifteen dollars. Consequently, the appellant is entitled to recover from Stracker the aggregate amount of the children's medical expenses, minus the fifteen dollars per occurrence, irrespective of whether the expenses were covered by Molnar's insurance. The appellant's first assignment of error is well taken.

▆▆▆ We also agree with the Tenth District's conclusion that interest on any unpaid medical expenses accrues from the date the expenses should have been paid. Generally, if money due under a contract is easily computed and ascertainable, interest on any unpaid sum accrues from the date the sum should have been paid. *Stephen's Jewelry, Inc. v. Admiral Ins. Co.* (1989), 63 Ohio App.3d 213, 216, 578 N.E.2d 520, 522. Moreover, the accrual of interest is not tolled because the defendant denies owing the debt but only if the amount of the debt is uncertain. *Body, Vickers & Daniels v. Custom Machine, Inc.* (1991), 77 Ohio App.3d 587, 594, 602 N.E.2d 1237, 1241–1242. The sum for which Stracker was

responsible under the separation agreement can be easily computed and is ascertainable from each medical bill. The trial court erred therefore by not calculating interest from the date each bill should have been paid by Stracker. See, additionally, *Kern v. Kern* (1990), 68 Ohio App.3d 659, 589 N.E.2d 434 (interest on unpaid child support installments is calculated from the/ date each installment became due). The appellant's second assignment of error is well taken.

The judgment of the trial court is reversed, and the case is remanded for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

BAIRD, J., concurs.

QUILLIN, J., dissents.

QUILLIN, Judge, dissenting.

In substituting its judgment for that of the trial court, the majority has rewritten the divorce decree as it relates to the father's responsibility for his children's medical expenses.

The father's obligation was to pay the medical expenses—not to pay the mother for the medical expenses. To be sure, if someone, not a volunteer, paid a debt owed by the father, an action would probably lie on behalf of that payor. The record is absolutely clear that the mother did not pay a penny of the obligation of the father.

The new husband, who is not a party to this action, included the mother and the children on his own family medical expense policy. There was no showing that his premium was more if it included his stepchildren rather than just him and his new wife, the mother. This was consistent with the avowed goal of the new husband, who also was the mother's attorney, to collect from both the father and the insurance carrier.

To compound the error, the majority directs that the mother be allowed interest on monies she did not pay, and had no right to receive. (Unanswered is from what date this interest is to run. From the date the expense was incurred, or billed, or submitted to the father, or paid, and by whom?)

As so often is the case in this type of action, there is shared fault and greed. That is why the Ohio Supreme Court has declared that domestic relation judges have broad discretion. I would defer to the trial judge, and affirm the judgment.