OPINION
Betty Grant, fka Betty Donese (Mrs. Donese) appeals from a judgment entered after remand from this court in Donese v. Donese
(April 10, 1998), Greene App. No. 97 CA 70, unreported. Our earlier opinion in this case contains a thorough exposition of the facts.
One of the remanded issues concerned a business known as Store-N-Lock, in which Mr. Donese has a + interest. Mrs. Donese has a + interest in Mr. Donese's interest. We determined that the trial court had inadequately provided for Mrs. Donese's interest by merely ordering that she was entitled to + of Mr. Donese's interest if and when the business was sold. We remanded this issue for the trial court to provide an effective method for Mrs. Donese to realize her interest in Store-N-Lock. Other issues involving property division were also remanded.
Upon remand, the trial court considered the remanded issues as well as spousal support arrearage. Eventually, the trial court entered judgment for Mrs. Donese of $138,978 representing her property settlement, including her interest in the business, and spousal support arrearage. The trial court ordered Mr. Donese to make monthly payments of $1,000 to Mrs. Donese for 24 months, $250 of each payment to be applied against the arrearage and $750 against the property settlement. The court ordered that at the end of the 24-month period, Mr. Donese would pay Mrs. Donese the then remaining balance in lump sum.
The following provision in the judgment entry precipitates this appeal:
(D)ue to the scope of the Defendant's financial difficulties and his diminished earning capacity, an award of statutory interest is inappropriate and unreasonable. The Plaintiff's request for statutory interest is OVERRULED.
Mrs. Donese assigns error as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF/APPELLANT'S REQUEST THAT DEFENDANT/APPELLEE BE ORDERED TO PAY POST-JUDGMENT INTEREST AT THE STATUTORY RATE FROM THE TIME OF FILING THE TRIAL COURT'S JUDGMENT ENTRY ON JUNE 8, 1997 UNTIL THE JUDGMENT IS PAID IN FULL.
Although Mrs. Donese's assignment of error is stated in terms of abuse of discretion, she claims that interest is due on the judgment pursuant to R.C. 1343.03, and the tenor of her argument is that she is entitled to interest as a matter of law. Mr. Donese claims that the trial court acted within its discretion and in accordance with Koegel v. Koegel (1982), 69 Ohio St.2d 355
wherein the syllabus provides:
Whether to award interest upon obligations arising out of the division of marital property is within the discretion of the trial court. (Cherry v. Cherry,66 Ohio St.2d 348, approved and followed.)
In Koegel, the wife was awarded the parties' residence, with responsibility for the mortgage, and ordered to execute a note for $9,200 to the husband, to become due and payable in five years. The husband's request for interest on the note was denied. In upholding the denial of interest on the note, the court, relying on Cherry v. Cherry (1981), 66 Ohio St.2d 348, stated:
The issue presented here requires this court to examine its recent decision in Cherry. In Cherry, we analyzed the "partnership" language found in our decision in Wolfe v. Wolfe (1976), 46 Ohio St.2d 399,413, which stated that, in dividing property upon the dissolution of a marriage, "the court must approach the proceeding much like a suit in partition or an action to dissolve, windup, and distribute the assets and liabilities of a partnership." We held that Wolfe did not mandate an equal property division, and that the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion.Cherry, at 353.
In so holding, we emphasized the long-established principle of leaving broad discretion in the trial court to determine an equitable property division. The different facts and circumstances which each divorce case presents to a trial court requires that a trial judge be given wide latitude in dividing property between the parties. Because each divorce case is different, we concluded in Cherry that equitable need not mean equal.
A property award without interest may sometimes be inequitable, but it is not always so. "This is why it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce."Id. at 355.
We indicated in Cherry that, in making an award of alimony, a trial court's discretion is subject to the 11-factor guide in R.C. 3105.18. Thus, a trial court's discretion is not unlimited, and a property division is subject to reversal or modification by a reviewing court upon a finding that the trial court abused its discretion. Conner v. Conner (1959), 170 Ohio St. 85,91; Dennison v. Dennison (1956), 165 Ohio St. 146, 150.
We therefore decline to hold that a trial judge is obligated as a matter of law to mandatorily affix interest to those monetary obligations which arise out of a property division upon divorce. To do so would impose an unnecessary restraint on a trial judge's flexibility to determine what is equitable in a special set of circumstances.
Mrs. Donese attempts to distinguish this case from Koegel by correctly pointing out that Koegel specifically did not address the applicability of R.C. 1343.03:
 Alternatively, appellant argues that he is entitled to an award of interest under R.C. 1343.03. Whether R.C. 1343.03 is applicable to cases involving the division of marital property is a question we need not resolve. R.C. 1343.03 is applicable only to obligations that are due and payable, and the obligation here will not become due and payable until the occurrence of a future event.
Appellate opinions rendered since Koegel have taken the position that "(I)n the absence of factors making it in inequitable," interest should be awarded on judgments for spousal and child support arrearages. Allen v. Allen (1990), 62 Ohio App.3d 621;Kern v. Kern (1990), 68 Ohio App.3d 659; In re Hammond
(1992), 78 Ohio App.3d 170. We have stated that an award of interest on funds that were not paid over to the creditor spouse in a timely fashion was not an abuse of discretion. Woloch v.Foster (1994), 98 Ohio App.3d 806, 812. All of these opinions have relied upon R.C. 1343.03.
What we glean from these cases, particularly Woloch v. Foster
which involved property division, is that even where R.C. 1343.03
is applicable, trial courts, in dividing marital assets, should be accorded discretion in determining whether money judgments should bear statutory interest.
Here, the trial court determined that Mr. Donese's financial difficulties and diminished earning capacity — brought on by serious health problems — made statutory interest inappropriate and unreasonable. Mrs. Donese does not dispute the fact that Mr. Donese has financial problems and diminished earning capacity due to serious health problems, but she contends it should make no difference.
Here, the trial court, in effect, deferred payment of the bulk of the judgment for the property settlement and spousal support arrearage for two years. (We assume that if Mr. Donese fails to make the lump sum payment when it becomes due, interest will run on the unpaid amount after the due date). Thus, there is little functional difference between the interest free note approved in Koegel and the judgment rendered here. We conclude that the trial court acted well within its discretion in not ordering statutory interest.
The assignment of error is overruled.
The judgment will be affirmed.
Mr. Donese's withdrawal of his cross-appeal will be approved.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Dean E. Hines
G. Jack Davis, Jr.
Hon. Judson L. Shattuck, Jr.