This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Roberta L. Williamson, nka Roberta L. White, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which denied her motion to reduce support arrearages to a lump sum judgment. This Court affirms in part and reverses in part.
 I. {¶ 2} Appellant and appellee, Harry Williamson, Jr., were married in June of 1982 and had two daughters, Kristina and Kerri. The parties ended their marriage in 1985 by way of a dissolution. As part of the dissolution, the parties prepared a separation agreement that was approved and adopted by the trial court. In the decree, the court granted custody of the two daughters to appellant and ordered appellee to pay child support and medical expenses for the girls.
 {¶ 3} The separation agreement stated that appellee was to provide medical insurance for the girls and would be responsible for all extraordinary medical expenses. Extraordinary medical expenses were defined as any medical expenses incurred on behalf of either child in excess of $20.00 per month per event. Although the parties dispute some coverage issues, it is undisputed that appellee maintained a medical insurance policy for his daughters from birth. In 1998, appellant married her present spouse, Bradley White. Mr. White obtained coverage for appellant's daughters under his employer sponsored health care insurance.
 {¶ 4} Unfortunately, from the period of 1997 until August of 2000, Kerri and Kristina incurred around $96,104.70 in medical expenses. During this period, appellant submitted the medical bills to White's insurance first as the primary carrier and then to appellee's insurance as the secondary carrier. Of the medical bills incurred, White's insurance paid $48,400.00 and appellee's insurance paid $24,387.03. Appellee does not contest that he has not personally paid any medical expenses other than what his insurance carrier has paid.
 {¶ 5} During custody proceedings initiated by appellee, appellant made a claim for past medical expenses. Before the matter was resolved, appellee withdrew his custody request since Kerri had reached the age of majority. On August 23, 2001, appellant filed a motion to reduce support arrearages to a lump sum judgment. After a hearing on the matter, the magistrate denied appellant's request. Appellant filed objections which the trial court overruled.
 {¶ 6} Appellant timely appealed and sets forth three assignments of error for review.
 II. FIRST ASSGINMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT APPELLEE WAS NOT RESPONSIBLE TO PAY THAT PORTION OF THE MINOR CHILDREN'S MEDICAL AND HEALTHCARE EXPENSES WHICH WERE NOT COVERED BY MEDICAL INSURANCE HE PROVIDED."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN PLACING THE BURDEN ON APPELLANT TO PRESENT EVIDENCE OF THE OUT-OF-POCKET MEDICAL AND HEALTHCARE EXPENSES SHE PAID ON BEHALF OF THE MINOR CHILDREN INSTEAD OF HOLDING APPELLEE RESPONSIBLE UNDER THE DECREE OF DISSOLUTION FOR THE AGGREGATE TOTAL OF THE MEDICAL AND HEALTHCARE EXPENSES INCURRED BY THE CHILDREN NOT COVERED BY INSURANCE HE PROVIDED."
 {¶ 7} In her first two assignments of error, appellant in essence complains the trial court erred in not holding appellee responsible for the total amount of medical expenses not paid by his insurance. This Court disagrees.
 {¶ 8} In the instant case, as part of the parties' dissolution, appellee was ordered to pay child support plus "all reasonable and necessary medical and dental expenses." The decree further provided:
 "Husband shall further be responsible for all extraordinary medical, dental and hospital expenses required for said minor children. `Extraordinary' for the purposes of this Agreement shall be defined as anything covered by Husband's hospital insurance, and, in addition, any medical expenses incurred on behalf of the minor children which exceed Twenty Dollars ($20.00) per month, per child, per illness."
 {¶ 9} Appellant asserts that this provision requires appellee to pay any and all medical expenses in excess of $20.00 that are not covered by appellee's insurance. She further asserts that appellee is responsible for such expenses regardless of whether they were paid by her present husband's insurance or out of her own funds. For support, she cites this Court's prior holding in Stracker v. Stracker (1994), 94 Ohio App.3d 261
and the Tenth District Appellate Court's holding in Achatz v. Achatz
(Apr. 28, 1988), 10th Dist. No. 87-AP-1135.
 {¶ 10} This Court finds its prior decision in Stracker and the case of Achatz distinguishable from the case instanter. In both Stracker
and Achatz the father had no health insurance coverage on his minor children. As a result, either the mother or the stepfather had to purchase insurance coverage for the children.
 {¶ 11} In the instant case, there is no dispute that appellee had insurance coverage on his children since their birth in accordance with the terms of the parties' dissolution. Upon appellant's remarriage, her husband voluntarily elected to provide additional insurance coverage on Kristina and Kerri. Appellant herself chose to first submit medical claims through her present husband's insurance plan rather than first submit them to appellee's insurance plan. As a result, appellant used appellee's insurance as the secondary carrier for the children.
 {¶ 12} Appellee was required to maintain health insurance on his daughters and pay for any amount exceeding $20.00 per month, per child, per illness. Obviously, the purpose of this provision was to make sure that appellant was not left "holding the bag" for payment of medical expenses not paid by appellee's insurance.[1] The record clearly illustrates appellant was not left "holding the bag" because her children had the benefit of being covered under two separate insurance policies, neither of which were her personal responsibility. The provision does not encompass appellant being paid for any amounts she personally did not pay out-of-her pocket. Appellee's obligation was to pay the medical expenses — not to pay appellant for the medical expenses. This Court does not believe that the trial court intended appellee to pay appellant $71,787.03 where both health insurance companies paid that amount for the children's medical expenses. See Vancott-Young v. Cummings (May 24, 1999), 12th Dist. No. CA98-09-122.
 {¶ 13} Appellant's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HOLDING IT WAS WITHOUT SUFFICIENT EVIDENCE TO DETERMINE WHAT AMOUNT, IF ANY, APPELLEE IS RESPONSIBLE TO PAY TOWARD THE CHILDREN'S MEDICAL AND HEALTHCARE EXPENSES."
 {¶ 14} In her third assignment of error, appellant argues that the trial court erred by finding that there was not sufficient evidence to determine what amount appellee is responsible to reimburse appellant for the out-of-pocket expenses she had to pay for the children's medical and healthcare expenses. This Court agrees.
 {¶ 15} To review appellant's sufficiency of the evidence challenge, this Court must determine whether any rational trier of fact could find proof from the proceedings that appellant did pay out-of-pocket expenses relative to her children's medical expenses. In appellant's case, the trial court found that she did not submit evidence of her actual out-of-pocket medical expenses for the children following payment of the medical bills by both insurance companies. The court concluded that it did not have sufficient evidence to determine what amount appellee is responsible to pay with regard to the children's out-of-pocket medical expenses.
 {¶ 16} However, appellant did testify that she had paid out-of-pocket expenses in the amount of $24,287.00. Appellee argues and the trial court seemed to find that since appellant did not present actual cancelled checks or receipts of payment that she did not prove her actual out-of-pocket expenditures. Appellant testified that she paid the $24,287.00 in remaining medical expenses after her present husband's insurance and appellee's insurance paid and that evidence is sufficient to award her for those out-of-pocket expenses. See Amada, Inc. v.
Zaggario (July 30, 1998), 8th Dist. No. 73089. The trial court did not find that appellant was not credible, but rather that it was without evidence to determine what amount appellee was responsible to pay for the children's medical expenses. This Court finds the trial court erred in not awarding appellant her out-of-pocket expenses.
 {¶ 17} Appellant's third assignment of error is sustained.
 III. {¶ 18} Accordingly, appellant's first two assignments of error are overruled and her third assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the case remanded to the trial court for proceedings consistent with this opinion.
SLABY, P.J. and BAIRD, J. CONCUR.
[1] Under R.C. 3111.17, this Court has found "[t]he purpose of the paternity statute is to compel the father of an illegitimate child to bear the expenses of childbirth and child support so that the mother will not be solely responsible for that support and so that the child will not be a financial burden on the state. The statute does not intend to give the mother a windfall award for having an illegitimate child. Thus, the trial court properly considered the insurance payments and disability benefits received by both plaintiffs in determining the necessary sums needed by the plaintiffs to pay medical expenses and to support themselves during pregnancy, delivery, and postnatal convalescence." (Citations omitted.)Edwards v. Sadusky (1982), 4 Ohio App.3d 297, 299.