DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Roberta L. Williamson, a.k.a. Roberta L. White, appeals from the decision of the Lorain County Court of Common Pleas, Domestic Division, which ordered Appellee, Harry Williamson, Jr., to pay Appellant a lump sum of $12,185.05, plus 10% interest per annum from the date of judgment, for unpaid medical expenses. We affirm.
 {¶ 2} Appellant and Appellee received a divorce in 1985. A separation agreement incorporated into the final decree by the trial court granted Appellant custody of the parties' two minor children. The agreement also required Appellee to provide medical insurance and pay for extraordinary medical expenses, defined as anything beyond $20.00 per month, for both of the minor children.
 {¶ 3} From the time period between 1997 through August 2000, the two minor children incurred approximately $96,104.70 in medical expenses. Medical insurance for the children covered $72,787.03 of those expenses, and some of the outstanding amounts were further reduced by the negotiation of the insurance companies. Appellee, apparently, did not know the amount of the outstanding expenses at the time they were incurred, and, therefore, did not pay any of them.[1]
 {¶ 4} On August 23, 2001, Appellant filed a motion to reduce support arrearages and outstanding medical and health care expenses incurred by the children to a lump sum judgment. Appellant also filed an affidavit which claimed that Appellee owed $69,562.57 in outstanding medical expenses.[2] While the magistrate initially refused to reduce the arrearages to a lump sum judgment, based on insufficiency of the evidence, the trial court, following a remand by this court, eventually granted Appellant a lump sum judgment of $12,185.05 for unpaid medical expenses. The court also awarded Appellant statutory interest of 10% from the date of the judgment. Appellant timely appealed to this Court, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court abused its discretion and committed reversible error when calculating the amount owed to [Appellant] by [Appellee] for medical expenses paid by [Appellant] on behalf of the parties' minor children (1) by giving [Appellee] credit in the amount of twenty dollars ($20.00) per month for months in which [Appellant] incurred no out-of-pocket medical expenses or less than twenty dollars ($20.00) in such expenses; and (2) by failing to calculate and award [Appellant] interest on the out-of-pocket medical expenses she paid on behalf of the children from the date each expenses was incurred."
 {¶ 5} In her only assignment of error, Appellant argues that the trial court erred in two respects. First, Appellant asserts that the trial court erred in reducing the amount of unpaid medical expenses owed by Appellee by $20.00 per month during months in which she did not incur at least $20.00 in medical expenses. Second, Appellant contends that the trial court erred in granting interest on the unpaid medical expenses only from the date of the judgment, and not from the date on which each expense was incurred. We find Appellant's assertions meritless.
 Amount of Award {¶ 6} A trial court has considerable discretion in calculating the amount of reimbursement for medical expenses in a child support award. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371. We will not disturb the decision of the trial court unless it abused its discretion. Id. An abuse of discretion is more than a mere error of law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. Id.
 {¶ 7} The original divorce decree in this case read:
"[Appellee] shall * * * be responsible for all extraordinary medical, dental, and hospital expenses for said minor children. `Extraordinary' for the purposes of this Agreement shall be defined as anything covered by [Appellee's] hospital insurance and, in addition, any medical expenses incurred on behalf of the minor children which exceed Twenty Dollars ($20.00) per month, per child, per illness."
 {¶ 8} At the original evidentiary hearing on this matter, when Appellant testified as to the amounts of unpaid medical expenses owed by Appellee, she consistently indicated that the quoted sums due included a $240 credit per child, per year according to the original decree.
"A. The total costs that were incurred in 1997 were $21,894.12.
"Q. And that includes subtracting the $240 for each child.
"A. Yeah, that includes subtracting what [Appellee] would have been responsible for per child per month.
"Q. You mean what [Appellant] would have been responsible for, $20 per child per month?
"A. That [Appellant] was responsible for, yes, and that included taking that out, yes."
Appellant further testified on at least four separate times at that hearing that the amounts she was requesting included a $20 per child, per month credit to Appellee. Appellant never indicated the she was denying that credit to Appellee for months in which she did not incur any actual medical expenses. Appellant raises this issue for the first time on appeal, and cites no law in support of this specific argument.
 {¶ 9} Both the Ohio and Local Appellate Rules require the Appellant to "include in his brief * * * the reasons in support of the contentions [of Appellant], with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); Loc.R. 7(A)(7) ("The argument shall contain * * * the supporting reasons with citation to the authorities and statutes on which the appellant relies.") The Appellant has the burden of affirmatively demonstrating error on appeal. See Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. In this case, Appellant has failed to cite any sources of law to support her argument. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. As Appellant's brief fails to cite any supporting authority for this particular argument, we affirm the judgment of the trial court on this issue.
 Interest on Award {¶ 10} Appellant further argues that the trial court erred by awarding statutory 10% interest only to the date of judgment, and not to the date that each expense was incurred. Her entire
legal argument in this regard reads:
"[T]he trial court abused its discretion and committed reversible error by failing to calculate and award [Appellant] interest on the amount due her for her out-of-pocket expenses for the years 1997-2000. Stracker v. Stracker (1994),94 Ohio App.3d 261, 264-265; Achatz v. Achatz [(Apr. 28, 1988), 10th Dist. No. 87-AP-1135]."
Appellant does not indicate under which statute she should be granted prejudgment interest on her awarded support arrearage, and neither Stracker nor Achatz identifies any specific statute. However, as R.C. 3123.171 indicates that interest may only be awarded on support arrearages under R.C. 3123.17, notwithstanding any other interest provision of the Ohio Revised Code, we will analyze Appellant's argument under that section.
 {¶ 11} R.C. 3123.17(A) permits a court, in its discretion, to award 10% prejudgment interest to a party on support arrearages only where the failure to pay that support was willful. The trial court in this case made no finding regarding the willfulness of Appellee's failure to pay medical expenses, and Appellant, therefore, is not entitled to interest under R.C. 3123.17(A). SeeBauer v. Bauer (Aug. 3, 2001), 6th Dist. No. WD-00-071. Accordingly, we overrule Appellant's assignment of error in this regard.
 {¶ 12} We overrule Appellant's assignment of error, and affirm the judgment of the Lorain County Court of Common Pleas, Domestic Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Boyle, J., concur.
[1] The magistrate found that: "[Appellant] admitted that she first raised the issue of the medical and health-care related expenses and requested reimbursement for them [in 2000]; prior to August, 2000, she had never sent [Appellee] a copy of any of the medical bills, notified him of the amount of the medical bills, whether paid or not, nor had she demanded payment of any specific amount. Further, [Appellee's] insurance carrier's Explanation of Benefits forms that [Appellant] submitted as exhibits were mailed to her address. No evidence was submitted that [Appellee] also received a copy."
[2] Appellant requested reimbursement of the total amount of medical expenses, less the expenses paid for by Appellee's medical insurance regardless of the fact that more than $48,000 of those expenses had been paid by her new husband's insurance, and additional monies had been negotiated away by the insurance companies. Appellant also requested reimbursement for health insurance premiums paid by her new husband to voluntarily extend health insurance to her daughters.