W.W. WILLIAMS CO. *v.* HUDKINS.

MOTORISTS INSURANCE CO. *v.*
WILLIAMS ET AL.

(Nos. 82 CVE 8276 and -9980—
Decided December 23, 1983.)

Akron Municipal Court.

*Mr. David R. Wilson,* for plaintiff
W.W. Williams Co.

*Mr. Orville L. Reed, Jr.,* for plaintiff
Motorists Ins. Co. and defendant Warren
L. Hudkins.

SCHNEIDERMAN, J. The consolidated
cases were tried on December 16, 1983.
The parties stipulated to all of the allega-
tions in both complaints except for
negligence.

On January 2, 1982, Stephen R.
Williams ("Williams") and Warren L.
Hudkins ("Hudkins") were operators of
motor vehicles involved in a traffic acci-
dent on Albrecht Road. The road was two
lanes, asphalt covered, straight and
generally level. Each side has a small
berm and a deep ditch. The area was
residential, the road surface was dry, and
it was daylight.

Williams was travelling east on
Albrecht Road behind a Maverick
automobile. He crossed the center line to
pass the Maverick and while he was at-
tempting to pass, the Maverick increased
its speed. Hudkins was proceeding south
on a private (church) road, failed to stop
at Albrecht Road and entered the road-
way. Williams struck Hudkins at the
north edge of the north lane (left side) of
Albrecht Road, at the entrance to the
private road and approximately two hun-
dred sixty-four feet from the center line of
Ewart Road.

The speed limit on Albrecht was forty
miles per hour and Williams was travel-
ling at least forty-five to fifty miles per
hour while passing the Maverick. Prior to
the collision, Williams saw the Hudkins
vehicle approaching Albrecht Road, ap-
plied his brakes, and then skidded into
Hudkins. Williams left skid marks from
his front tires of 94.3 feet and 83.5 feet.
The damage to Williams' vehicle was on
the left front and Hudkins' vehicle on the
right front.

Both parties were negligent.

Williams was operating his vehicle on
the left side of the roadway and the rule in

Ohio is that a vehicle must be driven on the right side of the roadway except under specifically designated circumstances as set forth in the statutes. R.C. 4511.25, 4511.26, 4511.27 and 4511.29 set forth the traffic rules for the passing of another vehicle in the same direction by going to the left side of the roadway. Williams did proceed in compliance with these statutory rules and other related sections when he drove left of the center line for the purpose of overtaking and passing the Maverick.

R.C. 4511.431 provides in pertinent part as follows:

"The driver of a vehicle * * * emerging from [a] * * * private road * * * within a business or residence district * * * shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic * * *."

Hudkins failed to stop at Albrecht Road in violation of this section and thus was negligent.

R.C. 4511.44 provides in pertinent part as follows:

"The operator of a vehicle * * * about to enter or cross a highway * * * shall yield the right of way to all traffic approaching on the roadway to be entered or crossed."

R.C. 4511.01(UU) provides:

" 'Right of way' means the right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path."

The latter two sections must be construed together, and, thus, Williams had an absolute right to proceed as long as he was operating his vehicle "in a lawful manner." *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147. This is true where a private drive or road enters the highway. *Beers* v. *Wills* (1962), 172 Ohio St. 569 [18 O.O.2d 128]. The law gives an operator of a vehicle who has the right of way an absolute shield to proceed uninterruptedly, but he forfeits that right if he fails to pro-

ceed in a lawful manner. *Beers* v. *Wills, supra; Zehe* v. *Falkner* (1971), 26 Ohio St. 2d 258 [55 O.O.2d 489].

To proceed in a lawful manner, in compliance with R.C. 4511.01(UU), a person must comply with the Ohio Traffic Rules. As to speed, a motorist must proceed at a speed that is reasonable and proper, having due regard for the traffic, surface and width of the street, nature of the roadway and any other conditions and circumstances then existing. The speed limit was forty miles per hour, and R.C. 4511.21(B) makes it *prima facie* unlawful for Williams to operate his vehicle in excess of that limit. Considering all the facts and circumstances, Williams' speed was in violation of R.C. 4511.21.

No person shall drive a vehicle at a greater speed than will permit him to stop within the assured clear distance ahead. R.C. 4511.21(A). Williams saw the Hudkins vehicle before it reached Albrecht Road and he tried to stop. Under the circumstances, if Williams were exercising ordinary care, he should have been able to avoid a collision either by stopping, returning to the right (south) lane behind the Maverick, or by some other maneuver.

Being left of center and then violating a specific safety statute (R.C. 4511.21) is negligence, absent a legal excuse, and Williams lost his absolute right to proceed on Albrecht Road uninterruptedly. *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1 [24 O.O.3d 1]; *Zehe* v. *Falkner, supra.*

The negligence of Hudkins did directly and proximately cause the damages to the two automobiles, but Williams' negligence also proximately contributed to these damages. Each party alleges contributory negligence as a defense to the other's claim. Formerly, the principles of contributory negligence would have barred each from recovery in this case, but Ohio has substituted a form of comparative negligence for this common-law doctrine in determining the right to recover and the amount recoverable. R.C.

2315.19(B) requires that the finder of fact determine the damages in proportion to the amount of negligence attributable to each party and fix the percentage of negligence in relation to the total damages.

Applying the Ohio comparative negligence law, Hudkins' negligence contributed to sixty-five percent of the damages, and the balance of thirty-five percent was contributed by Williams. W.W. Williams Company sustained damages in the sum of $1,197.85, of which sixty-five percent or $778.60 was directly and proximately caused by Hudkins' negligence.

W.W. Williams Company should be rendered judgment in the sum of $778.60 plus costs in case No. 82 CVE 8276, and Motorists Insurance Co. should receive nothing on its claim in case No. 82 CVE 9980.

*Judgment accordingly.*