

(Nos. 84-CR-5057 and -5060 — Decided June 25, 1984.)

Court of Common Pleas of
Clermont County.

*John Daggett,* for plaintiff.
*Ken Zuk,* for defendants.

RINGLAND, J.  This matter came for hearing on the motion to suppress filed by defendants, Ralph and Beth Bowling. The evidence indicates that the search warrant was properly filed and signed, listing the following items: "J.C. Penney 25 Inch Console TV, Black Oriental type jewelry box with *unknown quantity jewelry[,]* clock radio, possible brand being GE, 32 Caliber hand gun, tank type sweeper, brown and cream color afghan, statue of Jesus (missing a hand), toaster oven, statue of Buda [*sic*] and other household items." (Emphasis added.) The police officer who conducted the search testified that upon entering the trailer of the defendants he began searching the bedroom, at which time he found the TV, the jewelry box and the radio described in the warrant. The officer upon cross-examination indicated that upon looking in the jewelry box, he ascertained that not all items of jewelry were in the jewelry box, albeit he did not explain the discrepancy in the search warrant which indicated that the quantity of jewelry was unknown. In any event, he went to the closet of the bedroom, looked past the clothes and discovered a dark garbage bag approximately two feet wide by eight inches high. The officer testified upon direct examination that he knew that the bag did not contain the sweeper, the statues, the toaster oven, the handgun or the afghan. Upon opening the sealed bag he then discovered a leafy substance therein which based upon his experience was marijuana, for which the defendants are charged with possession along with receiving stolen property.

The state of Ohio argues that the officer had a right to open the bag and search it inasmuch as the bag could have contained jewelry which was missing from the jewelry box. Counsel for the defendants argues that the amount of jewelry was unknown and that the marijuana was not readily apparent since it was in a dark garbage bag and could not be readily ascertained without opening the bag itself.

The United States Supreme Court in *United States* v. *Chadwick* (1977), 433 U.S. 1, and *Arkansas* v. *Sanders* (1979), 442 U.S. 753, set forth the law regarding seizures and searches of closed containers under the Fourth Amendment warrant requirement. The court thereafter in *Robbins* v. *California* (1981), 453 U.S. 420, further explained its position on closed containers.

The *Chadwick* court determined that the placing of one's effects inside a container manifests one's expectation that the contents will be free from public examination. The court held that it is

unreasonable to search the interior without a warrant in the absence of exigent circumstances, where there is no danger that the container or its contents can be removed before a warrant for its search can be obtained. The *Sanders* court reaffirmed the *Chadwick* holding that police must get a warrant before searching the interior of a closed container in the absence of exigent circumstances.

The court in *Robbins* held that a closed, opague container may not be opened without a warrant unless the container so clearly announces its contents through shape, size or configuration that the contents are obvious to the observer.

This court would note that this line of Supreme Court cases dealing with Fourth Amendment requirements as to containers is unaffected by the recent case of *United States* v. *Ross* (1982), 456 U.S. 798, which dealt with automobile searches where police suspicions as to contraband are not focused on a particular container in a vehicle, as was the case in the *Sanders-Chadwick* line of cases.[1]

The facts in the instant matter are similar to those in *United States* v. *Shye* (C.A. 6, 1973), 473 F.2d 1061, a case predating *Chadwick* and *Sanders*, but in substantial accord with those decisions. In *Shye,* police conducted a search of defendant's apartment in search of proceeds of a bank robbery. Police officers seized a plain brown bag in the water heater closet, and a later search of the bag's contents revealed money. The *Shye* court found the government's argument that the sack of money was lawfully seized because it was in plain view to be completely without merit. *Id.* at 1066.

The court stated that all that was in plain veiw was a brown bag which did not constitute evidence, a fruit, or an instrumentality of the crime. The court noted that, as the government suggested, the bag might well have contained a weapon or evidence. The court went on to say however that closets or drawers of a dresser are made to contain things, but the plain view doctrine does not allow general searches of such areas in the hope that incriminating evidence will turn up, a practice that was condemned in *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443. Thus, any argument in the instant case that the opaque plastic bag was searched pursuant to the plain view doctrine is not well-taken.

The question remains whether the search of the opaque container here was made with probable cause under exigent circumstances, so that a warrantless search may have been conducted, exigent circumstances being present when police officers reasonably conclude that evidence will be destroyed or removed before they can secure a search warrant.

No facts adduced at the hearing indicated that the searching officer had any greater than a generalized suspicion that jewelry might be in the bag. The search warrant indicated an "unknown quantity" of jewelry, but the officer upon looking in the jewelry box he had discovered "ascertained" that some jewelry was missing. There is no evidence that his belief that more jewelry might be in the bag was based upon a reasonable suspicion or upon probable cause which would lead to a proper warrantless search of the bag had exigent circumstances been present.

The search, not having been properly based upon plain view or upon prob-

---

[1] This mobile home was secured in a *mobile home park and was used for residential purposes and was not readily mobile. These facts distinguish this mobile home* from the mobile home which was included *under the automobile exigency exception in California* v. *Carney* (1985), 471 U.S. ___, 85 L. Ed. 2d 406.

able cause in the presence of exigent circumstances, was contrary to the Fourth Amendment's requirements.

In the interest of thoroughness, the court would briefly note that even if the very recent Supreme Court case *Nix* v. *Williams (Williams II)* (1984), ___ U.S. ___, 81 L.Ed.2d 377, which held that where the Sixth Amendment right to counsel is violated an inevitable discovery exception to the exclusionary rule applies, is to be extended to violations of the Fourth Amendment prohibition against unreasonable searches and seizures, that the state of Ohio would not be able to meet the burden of showing by a preponderance of the evidence that the marijuana would have been discovered inevitably by lawful means, given that the officers would have lacked probable cause to support a second search warrant for the bag as the officer had only a generalized suspicion that the bag might have contained some of the jewelry. The issue whether the inevitable discovery exception to the exclusionary rule does apply to Fourth Amendment violations will undoubtedly be addressed in the courts in the near future; for our purposes here, suffice it to say that were the exception to be applied, it would not alter the result of excluding the marijuana at trial.

*Motion to suppress granted.*