REPUBLIC-FRANKLIN INSURANCE COMPANY, APPELLANT, *v.* SMITH ET AL., APPELLEES.

(No. CA84-01-001—Decided August 6, 1984.)

*Michael R. Eckhart,* for appellant.
*Buckley & Miller* and *James P. Miller,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clinton County.

Lois Henson, the insured of appellant Republic-Franklin Insurance Company, went to the home of appellees, Donald and Barbara Smith. Henson and Barbara Smith, in order to place peaches inside Henson's automobile, had opened the automobile's front and rear doors. Barbara Smith put the peaches in the back and then closed the rear door. The door closed upon Henson's hand, which was on the post between the front and rear doors. When Henson withdrew her hand from the door, she discovered that the diamond

ring she wore on her hand was damaged and that the diamond was missing. The two women and other individuals searched for the diamond to no avail. The diamond was never discovered.

Henson turned in a property loss claim to appellant. Appellant purchased a new $7,085.76 diamond for Henson. Appellant, pursuant to its subrogation rights, then brought a negligence action against appellees. Appellees filed an answer in which they denied negligence upon their part and asserted the contributory negligence of Henson. The case was tried in a nonjury trial. The trial court rendered a decision in favor of appellees. Appellant brings a timely appeal to this court.

Appellant's sole assignment of error is as follows:

"The trial court erred in finding against plaintiff and its decision is against the manifest weight of the evidence."

The trial court stated in its judgment entry that "* * * a decision in favor of the defendants was duly rendered orally in open court" and ordered that "* * * the plaintiff take nothing, that the action be dismissed on the merits, * * *." It is not clear from said judgment entry whether the trial court decided that the appellant's insured was solely negligent or that her negligence, if any, was greater than the negligence of appellees.

Appellees asserted the contributory negligence of appellant's insured. Therefore, the comparative negligence statute, R.C. 2315.19, is applicable. R.C. 2315.19(B) states as follows:

"In any negligence action in which contributory negligence is asserted as a defense, the court in a nonjury trial *shall* make findings of fact, and the jury in a jury trial shall return a general verdict accompanied by answers to interrogatories, that *shall* specify:

"(1) The total amount of damages that would have been recoverable by the complainant but for his negligence;

"(2) The percentage of negligence that directly and proximately caused the injury, in relation to one hundred per cent, that is attributable to each party to the action." (Emphasis added.)

The trial court failed to make findings of fact that specified the total amount of damages that would have been recoverable by appellant's insured but for her negligence and the percentage of negligence that was attributable to each party. In addition, we note that appellant requested findings of fact pursuant to Civ. R. 52. Said request was denied by the trial court as not being timely made. However, R.C. 2315.19(B) does not require that there be a request by a party for findings of fact as does Civ. R. 52.

It is the mandatory duty of the trial court in a nonjury trial to make the requisite findings of fact under the comparative negligence statute when contributory negligence has been asserted. Under Civ. R. 52, the trial court's failure to make findings of fact and conclusions of law when so requested usually constitutes reversible error. *Stephan's Machine & Tool, Inc.* v. *D & H Machinery Consultants, Inc.* (1979), 65 Ohio App. 2d 197, 200 [19 O.O.3d 155]. Therefore, the trial court's failure to make findings of fact as mandated by R.C. 2315.19 constitutes reversible error.

This court cannot, even with the aid of permissible appellate presumptions, determine whether the trial court's decision was against the manifest weight of the evidence if we do not know the percentage of negligence the trial court assigned to each party. It is extremely difficult, if not impossible, to determine a weight-of-the-evidence question under a comparative negligence statute if the percentages and total amount recoverable by a plaintiff are not specified as required by the statute.

Therefore, this matter is hereby reversed and remanded for specification

of such percentages as required by R.C. 2315.19(B).

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed, and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

HENDRICKSON, P.J., JONES and ZIEGEL, JJ., concur.

ZIEGEL, J., retired, of the Court of Common Pleas of Preble County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.