LOVE ET AL., APPELLANTS, *v.* LEWIS, APPELLEE.

(No. C-840382—Decided April 3, 1985.)

*Droder & Millerk Co., L.P.A.,* and *W. John Sellins,* for appellants.
*Leonard O. Lewis, pro se.*

BLACK, J. The principal question raised by this appeal is whether the concurrent dismissals of both plaintiffs' claim and defendant's counterclaim were proper when the evidence demonstrates the negligence of both parties. We have found no Ohio decision directly on point. We find that the judgment standing alone, without either findings of fact and conclusions of law or an explanatory entry, is insufficient. The only way that the trial court could have reached such a judgment would have been to find that neither party was negligent, and as plaintiffs allege in their single assignment of error, such a finding is against the manifest weight of the evidence presented in this case.

The determinative facts are uncontroverted. Defendant was driving on Shepard Lane, westbound in a parking lane that was separated from the single westbound lane of traffic (travel lane) by a solid white line. Curtis Fields, the father of plaintiff Charlene Love, was driving his daughter's car, also westbound on Shepard Lane, but in the lane of traffic. He was traveling an undisclosed distance ahead of defendant when he made a right turn into his driveway. His vehicle was struck in the rear by defendant's vehicle. There were no personal injuries. Plaintiff Love sustained damages to the right rear quarter of her car in the amount of $1,960.96, of which plaintiff State Automobile Mutual Insurance Company paid $1,860.96, plaintiff Love assuming the $100 deductible amount. The damage to defendant's car exceeded its $650 market value. Plaintiffs' complaint alleged that defendant's negligence was the proximate result of their damages. Defendant, *pro se,* answered by handwritten note, which was properly considered to be a counterclaim for the damage to his car. After a full evidentiary trial to the court, the trial judge took the case under submission for a week, at the conclusion of which an entry was journalized which reads in full:

"Plaintiffs' complaint is dismissed with prejudice at the plaintiffs' costs; defendant's counterclaim is dismissed with prejudice at defendant's costs."

These "dismissals" must be construed as judgments for the opposing party on both the claim and the counterclaim. Neither party requested separate findings of fact and conclusions of law. We can think of only one basis for the judgment, and that is that the court found that there was proved neither negligence, nor proximate cause nor damages.

If the court had found that both drivers were negligent, but Fields' negligence was greater than defendant's, then plaintiffs could recover nothing, and defendant could recover that percentage of his counterclaim that was not attributable to his own negligence; vice versa, if defendant's negligence had been the greater. R.C. 2315.19(A)(1).[1] See *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, 103; *Charvat* v. *Ohmer* (Apr. 21, 1982), Medina App. No. 1091, unreported, at 4; *W.W. Williams Co.* v. *Hudkins* (M.C. 1983), 10 Ohio Misc. 2d 19, 20-21. If both drivers were equally negligent and the percentages were fifty-fifty, then plaintiffs could recover

---

[1] R.C. 2315.19(A)(1) provides in pertinent part:

"(A)(1) In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionately equal to his percentage of negligence * * *."

one half of their claim and defendant could recover one half of his counter-claim; the net result would be a judgment for plaintiffs for $655.48 ($980.48 - $325.00 = $655.48). Under any of the foregoing conclusions, one driver or the other would have been negligent, and one or both of them must, as a matter of law, have received a judgment in some amount.

The only circumstance that would permit no recovery at all, under Ohio's "no greater than" comparative negligence statute, R.C. 2315.19(A)(1), would be in a case where there is a total failure of both parties to prove either negligence or proximate cause or damages. We hold that the conclusion that neither could recover is inappropriate under the facts and circumstances in evidence. It is against the manifest weight of the evidence, not because the evidence was too slight or too doubtful, but because it was clearly sufficient to mandate a conclusion that one or both parties were entitled to recovery.

We recognize that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact, *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366], paragraph one of the syllabus, and that as long as the trial court's judgment is supported by some competent, credible evidence the decision will not be reversed by a reviewing court as being against the manifest weight of the evidence, *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], syllabus. The instant case, however, contains evidence of the negligence of both drivers, proximate cause and the amount of damages; that is, evidence that cannot be ignored and must be taken into account.[2]

Plaintiffs' assignment of error has merit. The judgment of the trial court is reversed and the case is remanded for a new trial.[3]

*Judgment reversed
and cause remanded.*

DOAN and KLUSMEIER, JJ. concur.

---

[2] Defendant admitted that he was driving in a parking lane outside the proper lane of travel. This violation of R.C. 4511.25, if unexcused, constitutes negligence *per se. Zehe* v. *Falkner* (1971), 26 Ohio St. 2d 258 [55 O.O.2d 489]. In addition, if he was attempting to pass Fields on the right, he was in violation of R.C. 4511.28, which is an indicia of negligence, if not negligence *per se.* On the other hand, reasonable minds could conclude that Fields failed (first) to signal his intent to turn to the right, in violation of R.C. 4511.39, and (second) to remain in his travel lane until he ascertained that he could move from that lane with safety, in violation of R.C. 4511.33(A). No reasonable mind could conclude that this was a "true accident" involving no negligence on the part of either driver. Similarly, the judgment rendered below cannot be based on failure to prove proximate cause. On the evidence, the negligence of both parties was a proximate, though perhaps not sole, cause of the other's damages. There was no evidence of any intervening cause.

Finally, both parties proved the extent of their damages, by means of testimony, photographs and repair shop estimates.

[3] When a judgment is reversed because it is against the manifest weight of the evidence, the reviewing court cannot substitute its resolution of disputed facts or credibility for that of the trial court, and the usual solution is to order a new trial.

Under the comparative negligence statute, a trial court sitting without a jury must indicate on the record its findings about the total damages, what party or parties were negligent and the percentages of negligence. Compare the interrogatories to be submitted to a jury in 1 Ohio Jury Instructions (1983), Section 9.10, at 175-176, and Section 9.11, at 178-179.