## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants,

### v.

### VANHOESSEN, Appellee.

[Cite as *State Farm Mut. Auto. Ins. Co. v. VanHoessen* (1996), 114 Ohio App.3d 108.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-950350.

Decided Sept. 18, 1996.

*Immerman & Tobin Co., L.P.A.*, and *Rhonda s. Morris*, for appellants.

*Barron, Peck & Bennie* and *Michael S. Barron*, for appellee.

---

*Per Curiam.*

Plaintiffs-appellants, State Farm Mutual Insurance Company and Suzanne Kellagher, State Farm's insured, filed suit against defendant-appellee, Nowell H.

VanHoessen, for damages incurred as a result of an automobile accident between Kellagher and VanHoessen. Subsequently, VanHoessen filed a counterclaim seeking to recover his own damages.

Evidence presented at a bench trial showed that on January 14, 1994, at approximately 10:00 a.m., both Kellagher and VanHoessen were traveling south on State Route 27, north of Struble Road. That stretch of State Route 27 is a divided highway with two lanes going north and two going south. Though the weather was clear, the road was covered with snow and ice. Cars traveling on the road had cleared a path in the left lane.

VanHoessen was traveling about fifty-five miles per hour in the left lane. Kellagher, who claimed she was traveling approximately thirty-five miles per hour, came up behind him in her four-wheel-drive vehicle and flashed her lights indicating she wanted to pass. VanHoessen, whose car had only rear-wheel drive, did not allow her to do so because he felt he would not be able to control his car going into the snow-covered right lane. Consequently, Kellagher passed him on the right.

Kellagher acknowledged that she probably hit a patch of ice, causing her to spin out of control. She came to a stop at an angle with part of the left front of her vehicle in the left lane where VanHoessen was traveling. VanHoessen saw Kellagher's vehicle spin out of control. He estimated that Kellagher was approximately one-half mile ahead of him and that he had about ten seconds to react. VanHoessen's car hit the front end of Kellagher's vehicle, causing property damage to both.

After hearing the evidence, the trial court concluded that both parties were driving negligently given the road conditions on that day. It held that Kellagher's excessive speed was the sole factor which caused her to spin out of control and end up in VanHoessen's lane of travel. Therefore, her speed was a proximate cause of the accident. The court went on to hold that VanHoessen's excessive speed, which prevented him from stopping within the assured clear distance in front of him, "was an intervening or superseding cause which contributed to the automobile accident in question." However, his negligence was not a new and independent act which broke the causal connection between Kellagher's negligence and the damages.

Finally, the court stated, "This court finds that neither the plaintiff, in her cause of action, nor the defendant, in his counterclaim, has proven by a preponderance of the evidence that the negligence of the other driver was the proximate cause of the accident. Therefore, this court is not faced with the issue of applying comparative negligence, since both parties failed in their burden of persuasion that the other driver was liable by a preponderance of the evidence." Therefore, the court awarded judgment to VanHoessen on appellants' complaint

and awarded judgment for appellants on VanHoessen's counterclaim. This appeal followed.

Appellants present two assignments of error for review. In their first assignment of error, they state that the trial court erred by failing to properly apply the law of proximate cause. In their second assignment of error, appellants state that the trial court erred in finding that appellants failed to meet their burden of proof to show that VanHoessen was the proximate cause of the accident. They argue that VanHoessen's failure to maintain an assured clear distance ahead was the sole proximate cause. Since both these assignments of error involve the same analysis, we will address them together. We find them to be well taken, although not for the reasons stated by appellants.

Negligent conduct is the proximate cause of an injury if the injury is the natural and probable consequence of the conduct, *i.e.,* if it is foreseeable. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 286–287, 21 O.O.3d 177, 179–181, 423 N.E.2d 467, 470–471; *Reed v. Weber* (1992), 83 Ohio App.3d 437, 441, 615 N.E.2d 253, 255. Ordinarily, the determination of whether negligent conduct is the proximate cause of an injury is a question of fact. *Strother, supra,* at 288, 21 O.O.3d at 181, 423 N.E.2d at 471; *Reed, supra,* at 442, 615 N.E.2d at 256.

An injury may have more than one proximate cause. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 587, 575 N.E.2d 828, 829. When an injury is the natural and probable consequence of negligent conduct, that the negligence of others unites with that negligence to cause injury does not relieve the original offender from liability. *Strother,* 67 Ohio St.2d at 287, 21 O.O.3d at 180–181, 423 N.E.2d at 471; *Reed,* 83 Ohio App.3d at 441, 615 N.E.2d at 255. "The mere fact that the intervention of a responsible human being can be traced between the defendant's alleged wrongful act and the injury complained of does not absolve him upon the ground of lack of proximate cause if the injury ensued in the ordinary course of events, and if the intervening cause was set in motion by the defendant." *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.* (1995), 73 Ohio St.3d 609, 619, 653 N.E.2d 661, 670, quoting *Mouse v. Cent. Sav. & Trust Co.* (1929), 120 Ohio St. 599, 167 N.E. 868, paragraph one of the syllabus. To break the chain of causation, an intervening act must be disconnected from the original negligence and must be of itself an efficient, independent, and self-producing cause of the injury that is not foreseeable by the individual committing the original negligent conduct. *Queen City Terminals, supra,* at 619–620, 653 N.E.2d at 670–671; *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 584–85, 613 N.E.2d 1014, 1024–1025; *Reed,* 83 Ohio App.3d at 441–442, 615 N.E.2d at 256.

In the present case, there was competent, credible evidence to support the trial court's finding that VanHoessen's actions were a foreseeable result of

Kellagher's negligence. Therefore, the trial court's finding that VanHoessen's negligence was not a an independent act which would break the chain of causation and relieve Kellagher from liability for her negligence was not against the manifest weight of the evidence. *See Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 14 OBR 446, 471 N.E.2d 477; *Grange Mut. Cas. Co. v. Fleming* (1982), 8 Ohio App.3d 164, 8 OBR 223, 456 N.E.2d 816.

■ However, the evidence does not support the trial court's finding that neither side met its burden to show that the other was the proximate cause of the accident, and that finding is therefore against the manifest weight of the evidence. *Seasons Coal, supra.* The parties were not required to prove that the other was the sole proximate cause of the accident. *Love v. Lewis* (1985), 21 Ohio App.3d 285, 287, fn. 2, 21 OBR 404, 405–406, fn. 2, 488 N.E.2d 238, 240, fn. 2. The evidence showed, and the trial court implicitly found, that both Kellagher's and VanHoessen's negligent acts were concurrent causes of the accident. See *Berdyck,* 66 Ohio St.3d at 584, 613 N.E.2d at 1024. Since both parties were negligent and that negligence was a proximate cause of the collision, then the trial court should have applied comparative negligence principles pursuant to R.C. 2315.19. See *Love, supra; Republic–Franklin Ins. Co. v. Smith* (1984), 19 Ohio App.3d 324, 19 OBR 497, 484 N.E.2d 722; *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 14 OBR 87, 470 N.E.2d 245; *McCartney v. Ake* (C.P.1984), 22 Ohio Misc.2d 32, 22 OBR 340, 489 N.E.2d 1079. Accordingly, we sustain appellants' assignments of error. We reverse the decision of the trial court and remand the cause for the court to assign the percentage of negligence attributable to each party and to award damages accordingly.

*Judgment accordingly.*

DOAN, P.J., HILDEBRANDT and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.