OPINION
This timely appeal arises from the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellees and dismissing Appellants' complaint. Appellants challenge the trial court's ruling by asserting that there were genuine issues of material fact which makes summary judgment inappropriate. For all of the following reasons, this Court affirms the judgment of the trial court.
On January 8, 1992, John D. Roth ("Appellant"), was operating his vehicle northbound on Struthers Road in Poland Township, Ohio. Robert Robinson, a driver for B.F.I. Waste Systems of Ohio ("Appellees"), was operating a front-loader garbage truck westbound on U.S. Route 224. Both roads are two-lane highways and there is a stop sign controlling traffic on Struthers Road where it intersects with U.S. Route 224. While the record is not clear as to whether Appellant came to a stop at the stop sign, it is undisputed that Appellant failed to yield the right-of-way and proceeded into the intersection directly in the path of the oncoming garbage truck. (Robinson Deposition Transcript, pp. 26-27; Ohio Traffic Crash Report). As a result, the garbage truck collided with Appellant's vehicle.
The garbage truck was equipped with large metal forks located on the front of the truck which are used to lift and empty trash containers. At the time of the collision, the forks were in a partially lowered position. (Shonce Deposition Transcript, p. 41). When the collision occurred, the left fork entered the passenger side of Appellant's truck striking Appellant on the side of the head. Appellant suffered serious personal injuries including multiple facial fractures, lacerations and a serious brain injury.
On May 16, 1996, Appellant filed a complaint alleging that Appellees were negligent in operating the garbage truck with metal forks in a partially lowered position and that this negligence was the proximate cause of Appellant's injuries. On August 13, 1998, Appellees filed a motion for summary judgment. By way of a judgment entry dated December 2, 1998, the trial court granted Appellees' motion by stating in relevant part:
 "[Appellant's] contention that he suffered more severe injuries as a result of the configuration of the attachments to [Appellees'] truck does not alter the fact that but for [Appellant's] entrance into the path of the truck, no collision would have occurred.
 "[Appellant's] conduct, and not that of [Appellees], must be found to be the proximate cause of his injuries. Reasonable minds could not conclude otherwise."
It is this judgment which forms the basis of the present appeal. Appellant presents this Court with the following two assignments of error:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 "THE TRIAL COURT'S CONCLUSION THAT APPELLEES' CONDUCT COULD NOT BE FOUND TO BE A PROXIMATE CAUSE OF APPELLANT'S INJURIES WAS ERROR."
Both of these assignments of error implicate the same legal issues and for the sake of clarity and judicial economy shall be considered together. As this case was disposed of by summary judgment, a recitation of the applicable standard of review is appropriate. When reviewing a trial court's decision to grant summary judgment, we review the evidence de novo and apply the same standard used by the trial court. Varisco v. Varisco
(1993), 91 Ohio App.3d 542, 543, citing Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829; Bell v. Horton
(1996), 113 Ohio App.3d 363, 365. Summary judgment under Civ.R. 56 is only proper when the movant demonstrates that:
 "(1) No genuine issue as to any material fact remains to be litigated;
 "(2) the moving party is entitled to judgment as a matter of law; and
 "(3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. These factors make it clear that summary judgment should be granted with caution, being careful to resolve doubts in favor of the nonmoving party. Id.
The party seeking summary judgment has the initial burden of informing the court of the motion's basis and identifying those portions of the record showing that there are no genuine issues of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must be able to point to some evidence of the type listed in Civ.R. 56 (C) that affirmatively demonstrates that the nonmoving party has no evidence to support its claim.Id. If this initial burden is met, the nonmoving party has a reciprocal burden to, "* * set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, shall be granted." Id.
In support of their motion for summary judgment, Appellees provided the trial court with copies of witness statements prepared by the Ohio State Highway Patrol, Appellant's deposition transcript, the deposition transcript of Appellant's expert, Dr. James W. Pugh and the deposition transcript of Appellee, Robert E. Robinson, the driver of the garbage truck. Appellees alleged that the collision occurred due to the fact that Appellant failed to yield the right of way and drove his vehicle directly into the path of the oncoming garbage truck. (Robinson Deposition Transcript, pp. 26-27.) Appellees also pointed to evidence in the record which indicated that the garbage truck had the right of way, was traveling well within the posted speed limit and that the driver simply had no time to react so as to avoid the collision when Appellant drove his vehicle into the intersection. (Ohio Traffic Crash Report; Dr. Pugh Deposition Transcript, p. 56, Robinson Deposition Transcript, p. 37.) There was also evidence that Appellant could not see the garbage truck because Appellant's truck windows were covered with ice. (Ohio Traffic Crash Report).
The record is clear that Appellees met their evidentiary burden under Civ.R. 56 by demonstrating that the collision was proximately caused solely as a result of Appellant's failure to yield the right of way to the garbage truck which was lawfully traveling through the intersection. As such, it was incumbent upon Appellants to point to specific portions of the record which would reveal the existence of a dispute as to a material fact. Appellants failed in that regard.
Appellants' response to the summary judgment motion was utterly silent as to the issue of proximate causation of the collision. Indeed, Appellants' brief in opposition to Appellees' motion for summary judgment was entirely devoted to the allegation that the "forks" of the garbage truck were not in the proper position and that the improper positioning of said forks were the proximate cause of Appellant's severe head injury. To that end, Appellants provided evidence to create an issue of fact as to whether the forks were properly placed. Appellants failed, however, to address the relevant threshold issue raised by Appellees concerning the proximate cause of thecollision.
In their brief to this Court, Appellants take the position that the alleged negligent placement of the forks on the garbage truck served to sever the causal chain between Appellant's negligent failure to yield the right of way and the resulting collision. In order for Appellants' to survive summary judgment in light of their legal theory, Appellants were compelled to point to some evidence in the record which would indicate that Appellees' alleged negligence was an intervening act. In addition, that intervening act, "must be disconnected from the original negligence [of Appellant] and must be of itself an efficient, independent, and self-producing cause of the injury that is not foreseeable by [Appellant's commission of] the original negligent conduct." State Farm Mut. Auto Ins. Co. v.VanHoessen (1996), 114 Ohio App.3d 108, 111, citing Queen CityTerminals, Inc. v. General American Transp. Corp. (1995),73 Ohio St.3d 609.
Appellants failed in meeting this evidentiary burden. Appellants pointed to nothing in the record which would indicate that Appellees' alleged negligence contributed in any way to the collision itself. Appellants never alleged that the garbage truck did not have the right of way nor was there ever an assertion that the garbage truck was in violation of any relevant traffic rule. Indeed, the sole allegation of Appellees' negligence relates only to the alleged improper placement of the garbage truck's forks. Even assuming improper placement of the garbage truck forks is demonstrated, which is by no means clear, it cannot be said that this would be, "an independent or self-producing cause of the injury" that was not foreseeable by Appellant. Id. A serious injury resulting from a failure to yield the right of way to an oncoming garbage truck is quite foreseeable. To be sure, the intrusion of the metal forks into the passenger compartment of Appellant's vehicle caused a serious head injury. However, but for the negligent conduct of Appellant, the collision and the resulting injury would never have occurred.
Appellants' failure to point to any part of the record indicating a factual dispute as to the cause of the collision itself compels the conclusion that Appellants failed to meet their reciprocal evidentiary burden articulated in Civ.R. 56 (C).Dresher, supra. As such, there are no material facts in dispute, reasonable minds could only conclude that Appellant's failure to yield the right of way was the sole proximate cause of the collision and Appellees were entitled to judgment as a matter of law.
For all of the foregoing reasons, Appellants' assignments of error are overruled and the judgment of the trial court is hereby affirmed.
Cox, P.J., Vukovich, J., concurs.
APPROVED:
 ___________________________ CHERYL L. WAITE, JUDGE