DECISION AND JOURNAL ENTRY
Appellants, James Nazario and John Horton,[1] appeal an order of the Lorain County Court of Common Pleas that granted summary judgment in favor of appellee, Commercial Union Insurance Companies ("Commercial Union"), and denied a motion for leave to file a motion to dismiss. We affirm in part and reverse in part.
In February 1995, Glenn and Patricia Parks owned a home in Sheffield Lake, Ohio. The Parks had a homeowners insurance policy issued by Commercial Union.
On February 12, 1995, a party was held at the Parks residence. One fight broke out, which was followed by a second fight. As a result of the second fight, William McFeaters was injured. Thereafter, McFeaters and his family sued the Parkses. The action was settled, with Commercial Union paying $62,500 to McFeaters and his family.
On March 30, 1998, Commercial Union filed a complaint in the Lorain County Court of Common Pleas. Among the defendants named in the complaint were Appellants. The complaint alleged that the defendants' negligence caused McFeaters' injuries. Appellants answered and asserted as an affirmative defense that the statute of limitations for Commercial Union's claims had expired.
On May 6, 1999, Commercial Union moved for summary judgment. Appellants responded in opposition, and Commercial Union replied. On September 8, 1999, Appellants moved for leave to file a motion to dismiss under Civ.R. 12(B)(6). Commercial Union responded in opposition. On September 29, 1999, the trial court granted Commercial Union's motion for summary judgment and denied Appellants' motion for leave. Appellants timely appealed to this court.
Appellants assert three assignments of error. We will address the second assignment of error first.
 Assignment of Error No. II The trial court erred, and to the prejudice of the [A]ppellants by denying the [A]ppellants' motions for leave to file a motion to dismiss.
Appellants argue in their second assignment of error that the trial court erred by denying their motion for leave to file a motion to dismiss under Civ.R. 12(B)(6). We disagree.
In State ex rel. Lantz v. Indus. Comm. (1993), 66 Ohio St.3d 29,31, the Ohio Supreme Court stated that "a dismissal motion [under Civ.R. 12(B)(6)], unlike that for summary judgment, does not require leave of court." Because leave of court was not required, Appellants were not foreclosed from filing their motion to dismiss directly. Therefore, no prejudice arose from the trial court's denial of the motion for leave. The second assignment of error is overruled.
 Assignment of Error No. III The trial court erred to the prejudice of the [A]ppellants by failing to dismiss this case on the grounds that the statute of limitations had run as alleged in the Appellants' answer to [Appellee's] complaint.
In the third assignment of error, Appellants argue the merits of their motion to dismiss. Based on the resolution of the second assignment of error, this assignment of error is moot. App.R. 12(A)(1)(c).
 Assignment of Error No. I The trial court erred to the prejudice of [Appellants], by finding there were no genuine issues as to any material facts and that [Appellee] is entitled to judgment as a matter of law.
For the first assignment of error, Appellants contend that the trial court erred by granting summary judgment in favor of Commercial Union. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 292-93. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
"To establish actionable negligence, one must show * * * the existence of a duty, a breach of that duty and injury resulting proximately therefrom." Mussivand v. David (1989), 45 Ohio St.3d 314,318. "Negligent conduct is the proximate cause of an injury if the injury is the natural and probable consequence of the conduct, i.e., if it is foreseeable." State Farm Mut. Auto. Ins.Co. v. VanHoessen (1996), 114 Ohio App.3d 108, 111.
The evidence before the trial court revealed that a party took place in the very crowded basement of the Parkses' house on the night of February 12, 1995. Appellants were present at the party, as well as McFeaters. Shortly after the supply of alcohol was exhausted, a fight broke out between Appellant Horton and another man. There was conflicting evidence as to whether others, including Appellant Nazario, also participated. That fight ended without McFeaters participating or being injured.
The evidence again diverged as to how long the fight had stopped before a second fight began. One version of events had two factions engaging in a verbal dispute for a short time, while another placed a relatively peaceful thirty minutes between the fights. The evidence is unanimous that Horton at some point called a second man a "fat a * * *." Immediately after that comment, McFeaters hit Horton in the eye. A melee ensued, with Horton tackling McFeaters and both falling to the floor. As the fight escalated, Horton or another man fell on McFeaters, and McFeaters was stepped on or kicked by other persons. As a result, McFeaters' leg was broken. There was no evidence that Nazario participated in the second fight or took any action that would cause McFeaters' leg to be broken.
Commercial Union argues that Appellants negligently injured McFeaters by participating in a fight in close quarters, which led to the second fight and the injury. However, viewing the evidence in a light most favorable to Appellants, reasonable minds could conclude that there was a thirty minute interval between the fights and that the thirty minute interval and McFeaters' assault on Horton were the proximate cause of the injury.[2] As a result, there was a genuine issue of material fact as to whether the Appellants' participation in the first fight proximately caused McFeaters' injury. Therefore, summary judgment in favor of Commercial Union was not appropriate. The first assignment of error is sustained.
The first assignment of error is sustained, and the second assignment of error is overruled. The third assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BAIRD, P. J., CONCURS.
[1] Nazario and Horton will be referred to collectively as "Appellants."
[2] We express no opinion on the questions of duty and breach.