DECISION AND JUDGMENT ENTRY
Clarence and Betty Morrison filed a negligence action against David Alexander after his car struck Morrison's farm tractor as it crossed the road. The Morrisons alleged that Alexander was at fault because he was driving at an excessive speed for the conditions. Alexander's defense focused upon Morrison's contributory (comparative) negligence. After a bench trial, the court apportioned the negligence between the parties equally, i.e., each party was 50% responsible for the accident. Based on this apportionment, the court awarded no damages. The Morrisons' appeal contends that this judgment was contrary to law and against the manifest weight of the evidence. Because the trial court failed to make findings of fact according to R.C. 2315.19(B) and improperly entered judgment for Alexander, we reverse and remand this case for further proceedings.
In June, 2000, Mr. Morrison was driving his farm tractor, with a sprayer attached to the back, on northbound Cabin Creek Road in Adams County, Ohio. Mr. Morrison was attempting to cross the road and enter a gate on the left side of the road when David Alexander, who was traveling southbound on the same road, struck the tractor and sprayer. Mr. Morrison went to the hospital for injuries.
Appellants filed a complaint against Mr. Alexander, alleging negligence and loss of consortium. Mr. Alexander claimed that since Mr. Morrison was contributorily negligent, the appellants were barred from any recovery.
At trial, Trooper Corey Wright, who investigated the accident, testified that Mr. Alexander was driving approximately 58 miles per hour before he slammed on his brakes. Trooper Wright cited Mr. Alexander for excessive speed for conditions. However, it was unclear whether Mr. Alexander was driving left of center prior to the crash, as appellants claim. Wright also cited Mr. Morrison for failing to have a slow moving vehicle sign on the tractor.
Mrs. Morrison also testified at trial. She stated that each day, either she or her husband would place a stop sign out by the road when they were allowing cattle to cross the road. This was to notify oncoming traffic to stop or slow down. However, Mrs. Morrison stated that it was not customary for them to place a stop sign out on the road when they were moving farm equipment across the road.
Alexander testified that he was traveling about 55 miles per hour as his vehicle crested the top of a hill. He applied his brakes as soon as he saw the tractor, which was moving slowly in the center of the road.
After reviewing the evidence and the parties' post- trial briefs, the trial court concluded that each party was fifty percent at fault. In apparent reliance upon Ohio's comparative negligence statute, the court dismissed the complaint and barred appellants from any recovery. Appellants filed this appeal, raising two assignments of error:
 FIRST ASSIGNMENT OF ERROR — THE JUDGMENT OF THE TRIAL COURT IS NOT SUPPORTED BY ANY COMPETENT EVIDENCE AND IS CONTRARY TO LAW.
 SECOND ASSIGNMENT OF ERROR — THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
We agree that the court's judgment is contrary to law because the trial court failed to make findings of fact as required under the version of Ohio's comparative negligence statute that was in effect then. Moreover, R.C. 2315.19(C) requires a judgment for the defendant only where the percentage of negligence attributable to the plaintiff "is greater than * * * the negligence that is attributable to (the defendant(s))."
R.C. 2315.19(B)[1] requires the court, in a nonjury action, to make findings of fact whenever comparative (contributory) negligence is asserted and established as a defense to a negligence claim. We recognize that neither party requested findings of fact under Civ.R. 52. However, R.C. 2315.19(B), unlike Civ.R. 52, does not require that a party first make a request for findings of fact. See Republic-Franklin Ins. Co. v.Smith (1984), 19 Ohio App.3d 324, 325, 484 N.E.2d 722. The statute imposes a mandatory duty on the trial court to make the requisite findings of fact when comparative (contributory) negligence has been asserted and established. R.C. 2315.19(B). See, also, Guseman v. Meyers
(Oct. 16, 1987), Erie App. No. E-86- 60.
Here, the appellee asserted contributory negligence in his answer. The court found each party to be 50% negligent. Therefore, the trial court was automatically obligated to issue findings of fact under R.C.2315.19(B).
Moreover, the trial court barred the appellants from any recovery because it concluded that both appellant and appellee were 50% at fault. This finding is contrary to R.C. 2315.19(C), which states:
"If the percentage of the negligence * * * that is attributable to the complainant * * * is greater than the total of the percentages of the negligence that is attributable to all parties from whom the complainant seeks recovery, which percentages were determined pursuant to division (B) of this section, the court shall enter judgment in favor of those parties." (Emphasis added.)
Thus, only if the plaintiff's negligence is greater than 50%, does the statute require a judgment for the defendant.
In so much as the trial court failed to comply with these mandates, we reverse and remand the case back to the trial court to issue findings of fact in compliance with R.C. 2315.19(B) and to apply R.C. 2315.19(C) properly.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] R.C. 2315.19(B) provides: "If contributory negligence or implied assumption of the risk is asserted and established as an affirmative defense to a negligence claim, the court in a nonjury action shall makefindings of fact * * * that shall specify the following: (1) The total amount of the compensatory damages that would have been recoverable on that negligence claim but for the negligence * * * of the complainant * * *; (2) The portion of the compensatory damages specified under division (B)(1) of this section that represents economic loss; (3) The portion of the compensatory damages specified under division (B)(1) of this section that represents noneconomic loss; (4) The percentage of negligence * * * that directly and proximately caused the injury, death, or loss to person or property, in relation to one hundred percent, that is attributable to the complainant * * *, and the percentage of negligence that directly and proximately caused the injury, death, or loss to person or property, in relation to one hundred percent, that is attributable to each party to the action from whom the complainant seeks recovery." (Emphasis added).